05-3389-ag
Zhou v. Holder

BIA
Schoppert, IJ
A97 129 267

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of October, two thousand ten.

PRESENT:
> CHESTER J. STRAUB,
> ROSEMARY S. POOLER,
> ROBERT A. KATZMANN,
> > *Circuit Judges.*

_____

JIAN YUN ZHOU,
> *Petitioner,*

v.                                          05-3389-ag

                                            NAC

ERIC H. HOLDER,[1] UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

---

[1]   Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**FOR PETITIONER:**      Lin Li, Law Office of Fengling Liu, New York, New York.

**FOR RESPONDENT:**      Eric F. Melgren, United States Attorney, Brent I. Anderson, Assistant United States Attorney, District of Kansas, Wichita, Kansas.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jian Yun Zhou, a native and citizen of the People's Republic of China, seeks review of a June 3, 2005, order of the BIA affirming the March 3, 2004, decision of Immigration Judge ("IJ") Douglas Schoppert, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Yun Zhou*, No. A97 129 267 (B.I.A. Jun. 3, 2005), *aff'g* No. A97 129 267 (Immig. Ct. N.Y. City Mar. 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, Zhou has failed to raise her claim for relief under the CAT in her brief to this Court. Because issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal, we deem her CAT claim abandoned. See *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n.7 (2d Cir. 2005). When the

2

BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir. 2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n.7 (2d Cir. 2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005); *Tian-Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

The IJ's finding that Zhou was not credible is supported by substantial evidence because he properly relied on a material discrepancy in the record, finding that Zhou's testimony asserting that the government discovered Christian materials in her room was inconsistent with her credible fear interview statement, which omitted that assertion. While Zhou denied having said that she had no problems in China on account of her religion, and insisted that she told the officer that "there are two reasons I would be arrested and put in jail in China," the IJ was not required to credit Zhou's explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Moreover, this inconsistency goes to the heart of Zhou's claim for asylum. *See Secaida-Rosales,* 331 F.3d at 308-09. Zhou's claimed fear of persecution based on her Christianity was not independent of her claim based on her opposition to the family planning policy; rather, it was part of the same factual predicate. She asserted that her Christian religion exacerbated the Chinese government's desire to punish her because it suggested her motive for contravening government policy. When measured against the record as a whole, this was a "substantial" inconsistency which resulted in the omission of essentially half of Zhou's claim. *Cf. Secaida-Rosales*, 331 F.3d at 308-09 (finding

4

that a petitioner's omission of the detail that he was shot at was not substantial when viewed in light of his overall claim for asylum, which was based on a series of events and which spanned several years).

Nor are we concerned that the IJ placed undue reliance on the credible fear interview statement. Where a discrepancy arises between an applicant's testimony and her statement at an administrative interview, we will closely examine the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ming Zhang v. Holder*, 585 F.3d 715, 722-25 (2d Cir. 2009). The credible fear interview was conducted through a Mandarin interpreter, and Zhou's statement is provided in a verbatim account. Moreover, her detailed answers about her claimed fear of persecution indicate that she was not reluctant to provide details about her asylum claim. *See id*. Thus, the IJ's reliance on Zhou's credible fear statement was proper.

While the IJ's decision contained numerous errors, we nevertheless uphold his adverse credibility determination, as the inconsistency he identified was "significant" and related to "material aspects" of Zhou's claim. Remand is not required here because we can confidently predict that

the agency would adhere to its prior decision absent those errors. *See Xiao Ji Chen*, 471 F.3d at 338-39. Therefore, we affirm the IJ's denial of relief.

Because the IJ's adverse credibility finding is supported by substantial evidence, we do not review the IJ's alternate findings. Similarly, because the only evidence of a threat to Zhou's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk